IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 2:10-CR-17-FL-1

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | |
| | ) | ORDER |
| MICHAEL JEROME PURVIS, | ) | |
| | ) | |
| Petitioner. | ) | |

This matter is before the court upon petitioner's motion to appoint counsel (DE # 94), motions to compel (DE # 95, 108), and motion to amend (DE # 107 and 115). Respondent has not filed a response to these motions. In this posture, these matters are ripe for adjudication.

Petitioner filed two motions to amend his petition to include claims challenging the legality of his conviction and sentence. The court liberally grants motions to amend when justice so requires. See Fed. R. Civ. P. 15(a)(2); see also, Foman v. Davis, 371 U.S. 178, 182 (1962). No prejudice or unjust delay has been shown, petitioner's motion is GRANTED.

The court next considers petitioner's request that the court appoint counsel to assist him with pursuing a 28 U.S.C. § 2255 petition.[1] There is no constitutional right to counsel in § 2255 cases. See Pennsylvania v. Finley, 481 U.S. 551, 554 (1987); Hunt v. Nuth, 57 F.3d 1327, 1340 (4th Cir. 1995). However, the district court is authorized under 18 U.S.C. § 3006A(a)(2)(B) to appoint

---

[1] At the time petitioner filed his motion to appoint counsel, he did not have a pending § 2255 petition. Petitioner subsequently filed a § 2255 petition on September 26, 2011.

counsel to represent a habeas petitioner when the interests of justice so requires and the petitioner is financially unable to obtain representation. The request has been reviewed and the undersigned finds that this case does not presently require appointment of counsel at this time. Therefore, the motion for appointment of counsel is DENIED.

Finally, the court turns to petitioner's motions to compel discovery. Petitioner moves the court to compel respondent to provide him with various discovery materials. "A habeas petitioner, unlike the usual civil litigant in federal court, is not entitled to discovery as a matter of ordinary course." Bracy v. Gramley, 520 U.S. 899, 904 (1997). Instead, discovery may be permitted "for good cause." Rule 6(a) of the Rules Governing § 2255 Cases. In this case, petitioner has not established good cause for discovery. Therefore, his motions are DENIED.

In summary, petitioner's motion to appoint counsel (DE # 94) and motions to compel (DE # 95, 108) are DENIED. However, petitioner's motion to amend (DE # 107 and 115) are GRANTED.

SO ORDERED, this the 26 day of December, 2011.

LOUISE W. FLANAGAN
United States District Judge